UNITED STATES DISTRICT COURT
For the NORTHERN DISTRICT OF ILLINOIS
CIVIL DIVISION

| | |
|---|---|
| JOHN JACOBY,<br>   Plaintiff<br>v.<br>IDLEWILD COUNTRY CLUB,<br>an Illinois Corporation<br>  Serve Registered Agent:<br>    Charles T. Ryan, Ltd.<br>    18141 Dixie Highway, Suite 115<br>    Homewood, Illinois 60430<br><br>    Defendant. | CASE NO. _____<br><br>Non-Jury |

## COMPLAINT

COMES NOW, Plaintiff John Jacoby, by and through his attorney, Robert A. Stevenson, and for his cause of action against the Defendant Idlewild Country Club, an Illinois Corporation states and alleges as follows:

### GENERAL ALLEGATIONS – JURISDICTION AND VENUE

1. At all times and places relevant herein, Plaintiff was a resident of the Village of Mokena, Will County, Illinois.

2. Defendant, Idlewild Country Club ("Idlewild"), is an Illinois Not-for-Profit Corporation with its principal place of business located at 19201 Dixie Highway, Village of Flossmoor, Cook County, Illinois.

3. Plaintiff brings this action under 26 U.S.C. § 7434: Internal Revenue Code, Chapter 76 Judicial Proceedings, Subchapter B, Section 7434 Civil Damages for Fraudulent Filing of Information Returns.

4. Venue is proper in the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1391(e) because the events that give rise to this claim arose in the district and it is the principal place of business for Defendant.

5. This Court has original jurisdiction over the parties and the subject matter under 28 U.S.C. § 1331 for federal law claims arising out of the Internal Revenue Code.

## STATEMENT OF FACTS

6. Plaintiff was a member at Idlewild from March 2004 to December 31, 2022, serving as a member of the Idlewild Board of Directors from January 1, 2007, through October 2022. Plaintiff was President of the Board of Directors from January 1, 2012, through December 31, 2013, and again from January 1, 2014, through December 31, 2021.

7. Defendant's current President is Joseph DeLaurentis ("DeLaurentis").

8. During the year of 2022, DeLaurentis, was caught cheating in two (2) club golf tournaments, specifically admitting that he went to the Idlewild Club Golf Professional after random team assignments had been made in the first two Men's Golf Association tournaments (with an entry fee and cash prizes to the winning teams) and discarded the clubs random assignment of teams and instead selected his own teammates forcing the pro to redraw the remaining teams.

9. Plaintiff submitted his resignation letter to Idlewild Country Club in November 2022, with an effective date of November 30, 2022. The general manager of the Club, Peter Corydon later contacted Plaintiff and represented that his membership would be continued through the end of the year without any further dues being charged but allowing Plaintiff the full services of the club as well as locker room, dining and amenity usage.

10. In 2021, while President, the Board approved as part of an irrigation funding plan and with a total assessment prediction of $3,000 per member over 5 years, an ability of members to pre pay the irrigation assessment for $3,000, that would be used as a credit against future irrigation assessments, and also providing any member who pre-paid 5 guest passes with a cart (valued at $108 at the time) along with 5 dinners for 2. Plaintiff pre-paid his assessments in 2021, and received the 5 guest passes as well as the 5 coupons for paid dinners for 2. At the time of

2

Plaintiff's resignation none of the guest passes or dinners had been redeemed. In both 2021 and 2022 Idlewild did assess all regular golf members a total of $600 to pay for irrigation expenses and ongoing irrigation loans, leaving a remainder of $1,800 in Plaintiff's pre-paid irrigation assessment balance.

11. At the time of Plaintiff's resignation, he spoke and later confirmed in writing to Idlewild's general manager that whatever amount was outstanding from his November and December 2022 member account would be offset by the amount in his prepaid assessment balance. Plaintiff acknowledged that while the Idlewild By-Laws did not provide for refunds of pre-paid amounts, that Plaintiff was not seeking any refund, merely a set off of any amounts due and owing at the conclusion of the club's accounting on his membership account at the end of his membership.

12. After receiving his final membership statement Plaintiff notified Defendant that he had applied the prepaid assessment balance to his amount owed s leaving a prepaid assessment balance of more than $1,000 (credit) at the termination of his membership on December 31, 2022.

13. Plaintiff did not seek a refund of the prepaid assessment balance of over $1,000.

14. In December 2022, Plaintiff had discussions with the Club's general manager, Peter Corydon concerning the outstanding guest passes and dinners. Plaintiff entered into an agreement with the general manager whereby he was supplied steaks from the Club's inventory in exchange with the value of the dinner for Two (2) coupons. As to the guest passes, it was agreed those could be used by Plaintiff for himself or others within the time frame remaining (at that point they did not expire for three additional years beyond the end of Plaintiff's membership).

15. After leaving Idlewild, Plaintiff truthfully related to others that he left because of the cheating of DeLaurentis.

16. DeLaurentis, on behalf of Defendant Idlewild, has engaged in a series of retaliatory acts and harassment against Plaintiff, starting in 2022 and continuing to this date. Attached is a copy of his letter dated December 29, 2022, which includes a 5-year ban on Plaintiff allegedly instituted

3

by the Board of Directors. This action, taken while Plaintiff was still a member of the club violated the Club's By-Laws, which provide, in part, for an opportunity to be heard by the Board of Directors before any such action can take place. In addition, in the history of the Club, this type of action was unknown and never done under the clause he cited, except in the earlier October 2022 instance against member Bernie McLaughlin, who also publicly stated his displeasure over President DeLaurentis' admitted cheating in two (2) Idlewild money tournaments (McLaughlin was provided a hearing under the By-Laws before his "ban" became official.) In addition, before Plaintiff's alleged "overdue" account was even 90 days outstanding, DeLaurentis initiated a collection action against Plaintiff through the Club's attorney, Charles Ryan. The Club in its history had never sent a member account to collection by an attorney when the member account had a positive balance considering nonrefundable pre-paid balances, within a time frame that soon or for an amount so minimal in dispute (here less than $800.) Plaintiff sent the facts of the situation to the Club's attorney, noting that the action was unprecedented, harassing and obviously discriminatory retaliation by DeLaurentis. Shortly after this communication, Plaintiff was informed by the club's attorney that neither he nor his firm would be pursuing any action against Plaintiff — this was in the Spring of 2023 — but that the Board had indicated that it would send the account to a collection firm. In the late summer of 2023, DeLaurentis notified both Plaintiff and McLaughlin (who had a 2-year ban imposed by the Board) were now banned permanently from ever being present on the grounds of Idlewild Country Club for life. Neither Plaintiff or McLaughlin had any contact with Idlewild Country Club nor were ever present on their grounds from the time of their prior resignations/terminations in 2022, so it remained clear that DeLaurentis for whatever reason continues to work on vengeful actions presumably still upset that his cheating was called out by these two former members.

17. Subsequent to the Club attorney's withdrawal of any actions to collect the disputed debt, Idlewild continued to monthly send a statement of account to Plaintiff — Plaintiff objected to the

4

statement showing a balancing due as his account continued to have a remaining balance in his pre-paid amounts when compared to the account stated.

18. Plaintiff disputed that he owed any debt to Defendant and that the December 2022 charges were offset against the prepaid assessment.

19. In his continuing harassment and retaliation against Plaintiff, Defendant filed a fraudulent 1099-C, Information Return relating to the cancellation of indebtedness by certain entities, in the amount of $790.28 for the tax year 2023, a copy if which is attached as "Exhibit 1"

20. The 1099-C was fraudulent in every way possible:

   a. Defendant is not an "applicable entity" for filing of a Form 1099-C in accordance with 26 U.S.C. § 6050P because it is not a financial institution and not an organization with a significant trade or business of lending money;

   b. Plaintiff does not owe a debt to Defendant;

   c. Defendant is aware that any debt it claims is due from Plaintiff has been disputed;

   d. Defendant has retained $1800 of Plaintiffs prepaid assessments as income;

   e. To issue a 1099C a payment by the institution has to made and Plaintiff received no such payment; and

   f. To issue a 1099C for 2023 there must be an event during that tax year relating to a payment. Even if one somehow construes the account amount allegedly outstanding as shown in Idlewild's invoice there was never any communication to Plaintiff that there was any forgiveness and in fact Idlewild sent Plaintiff an invoice dated 12/31/2023 showing the amount outstanding thus clearly proving there was no action in 2023 "forgiving" any amount owed as alleged (attached as Exhibit 2.)

21. Thus, there can be no question but that the issuing of the 1099-C was a vengeful, willful and retaliatory harassing action taken by DeLaurentis.

5

22. Upon receipt of the 1099-C, Plaintiff contacted the General Manager of Defendant both telephonically and in writing, and informed him that the 1099-C was fraudulent and requested Defendant to revoke or rescind the 1099-C.

23. Plaintiff has not received a corrected 1099-C.

24. Pursuant to 26 U.S.C. § 7434(d), contemporaneously with the filing of this action, Plaintiff has provided a copy of this Complaint to the IRS.

## CLAIM FOR RELIEF

25. Plaintiff incorporates by reference paragraphs 1 through 25, as if more fully set forth herein.

26. The 1099-C attached hereto as "Exhibit 1" is an "Information Return" as described in 26 U.S.C. § 6724(d)(1)(A).

27. That the 1099-C was filed willfully and fraudulently by the Defendant with the intent and purpose of harassing and harming the Plaintiff.

28. Plaintiff seeks damages for the filing of the fraudulent information return as allowed in 26 U.S.C. § 7434(b).

## PRAYER

Wherefore, Plaintiff, prays for judgment in his favor and against Defendant for damages as calculated pursuant to 26 U.S.C. § 7434, for its attorney fees incurred in bringing this action, for his costs, and for such other and further relief as the Court deems proper.

Respectfully submitted,

Robert A. Stevenson
Attorney for Plaintiff

## **CERTIFICATION**

I certify to the best of my knowledge, information, and belief that this complaint is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and the complaint otherwise complies with the requirements of Rule 11.

                                                                     Robert A. Stevenson

Robert A. Stevenson
Attorney for Plaintiff
7655 White Pine Place
Palos Heights, Illinois 60463
708-373-4202
Federal No. 7025024
judgeras@me.com

Exhibit 1

☐ CORRECTED (if checked)

| CREDITOR'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | 1 Date of identifiable event<br>01.01.2023 | OMB No. 1545-1424<br>Form **1099-C**<br>(Rev. January 2022)<br>For calendar year<br>20 __23__ | Cancellation of Debt |
|---|---|---|---|
| Idlewild Country Club<br>19201 Dixie Hwy.<br>Flossmoor, IL 60422-0285 | 2 Amount of debt discharged<br>$ 790.28 | | |
| | 3 Interest, if included in box 2<br>$ | | |
| CREDITOR'S TIN | DEBTOR'S TIN | 4 Debt description<br>Membership Services | Copy B<br>For Debtor |
| 36-1252260 | 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 | | |
| DEBTOR'S name<br>John Jacoby | 5 If checked, the debtor was personally liable for repayment of the debt ☐ | | This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported. |
| Street address (including apt. no.)<br>10748 Fintan Court | | | |
| City or town, state or province, country, and ZIP or foreign postal code<br>Mokena, Il 60448 | 6 Identifiable event code | 7 Fair market value of property<br>$ | |
| Account number (see instructions) | | | |

Form **1099-C** (Rev. 1-2022)     (keep for your records)     www.irs.gov/Form1099C     Department of the Treasury - Internal Revenue Service



**Idlewild Country Club**
19201 DIXIE HIGHWAY - P.O. BOX 285
FLOSSMOOR, IL 60422
TELEPHONE 1-708-798-0514
FAX 1-708-798-6664

# STATEMENT

Total Due     790.82

John Jacoby
johnjacobychicago@gmail.com
10748 Fintan Court
Mokena IL 60448

| STATEMENT DATE | MEMBER NUMBER |
|---|---|
| 12/31/2023 | X179 |

AMOUNT ENCLOSED $ _____

*PLEASE DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT*

| DATE | REF. NO. | CODE | DESCRIPTION | PAYMENT | AMOUNT | SERVICE CHARGE | SALES TAX | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | Bal Fwd - MEMBERSHIP | | 790.82 | | | 790.82 |
| | | | Total - MEMBERSHIP | | 790.82 | 0.00 | 0.00 | 790.82 |
| | | | TOTAL | | | | | 790.82 |

~HAPPY NEW YEAR 2024~

~AFC/NFC PARTY~
Sunday, Jan. 28th

~Valentine's Day Dinner~
February 14th

# Exhibit 2

PLEASE CONTACT PETER REGARDING YOUR ACCOUNT

PAYMENTS DUE BY 10th OF MONTH.

| CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | 120 DAYS | TOTAL BALANCE DUE |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 790.82 | 790.82 |

IDLEWILD COUNTRY CLUB
19201 DIXIE HIGHWAY - P.O. BOX 285 - FLOSSMOOR, IL 60422

CARD AND FORM SOLUTIONS, LLC 336.776.022