**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN JACOBY,<br><br>Plaintiff,<br><br>v.<br><br>IDLEWILD COUNTRY CLUB, an Illinois corporation,<br><br>Defendant. | No. 24-cv-02723<br><br>Judge John F. Kness |

**ORDER**

For the reasons provided in the accompanying Statement, Defendant Idlewild Country Club's motion to dismiss (Dkt. 8) is granted. Case dismissed with prejudice. Enter separate final judgment order. Civil case terminated.

**STATEMENT**

## I. Background

This case concerns an alleged fraudulent filing of an Internal Revenue Service Form 1099−C with the Internal Revenue Service ("IRS"). (Dkt. 1 at 6.) Plaintiff, a former member and President of Defendant Idlewild County Club, says he resigned from the Club in response to a golf cheating scandal by the Club's current President. (*Id.* ¶¶ 6–9.) That resignation, and Plaintiff's decision to call out the alleged cheating scandal, led to a financial dispute with the Club over whether Plaintiff owed any debt to the Club for membership dues. (*See id.* ¶¶ 10–16.) At the time of Plaintiff's resignation, Plaintiff had $1,800 worth of prepaid irrigation assessments in his membership account, which Plaintiff believes should have covered any debts. (*Id.* ¶¶ 10, 16–18.) But the dispute escalated, and the Club initiated a collection against Plaintiff. (*Id.* ¶ 16.) Plaintiff disputed that he owned any debt to the Club, and, as relevant here, the Club subsequently filed a Form 1099-C with the IRS cancelling $790.28 in debt. (*Id.* ¶¶ 18–19.) This allegedly false and fraudulent Form 1099-C prompted Plaintiff to bring the present complaint, which has a sole claim for relief under 26 U.S.C. § 7434. (*Id.* ¶¶ 20, 25–28.) That statute states, "If any person willfully files a fraudulent information return with respect to payments purported to be made

to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a); (*See* Dkt. 1 ¶¶ 20–28.)

Defendant has moved to dismiss, in part citing *Cavoto v. Hayes*, 634 F.3d 921 (7th Cir. 2011). (Dkt. 8 at 3.) In reviewing *Cavoto*, this Court determined that the Court of Appeals appeared to exclude the filing of a Form 1099-C from the cause of action created by § 7434, but Defendant's briefing did not directly discuss the issue. *Cavoto*, 634 F.3d at 923–24. Recognizing the prospect that Cavoto might be controlling, the Court ordered supplemental briefing. (Dkt. 16–18.)

## II. Legal Standard

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). As the Seventh Circuit has emphasized, a plaintiff need not "lay out every element or ingredient" of a claim to survive a Rule 12(b)(6) motion. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1336 (7th Cir. 2024). Such "details and proof" come later, and all a plaintiff must do is "state a grievance." *Id.* at 1338. In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

## III. Discussion

Upon review of the supplemental briefing (Dkt. 17, 18), Defendant's motion to dismiss is granted. The remedy "created by § 7434 is limited in scope," and the kinds of information returns for which an injured taxpayer may recover are "limited to the nine listed in 26 U.S.C. § 6724(d)(1)(A)." *Cavoto v. Hayes*, 634 F.3d 921, 924 (7th Cir. 2011). Those nine, however, "do not include returns relating to the cancellation of indebtedness, *i.e.*, a Form 1099–C." *Id.* Accordingly, "whether or not the Form 1099–C was misleading is irrelevant." *Id.*

Plaintiff contends that *Cavoto* was either ambiguous or, in effect, wrongly decided. (Dkt. 18 at 3–5.) Plaintiff argues that 26 U.S.C. § 7434, the cause of action for the filing of a fraudulent information return, points to 26 U.S.C. § 6724(d)(1)(A) for the definition of "information return." (Dkt. 18 at 1 (citing § 7434(f).) In turn,

§ 6724(d)(1)(A) lists nine categories of "information return[s]." Plaintiff posits that the filing of a form 1099-C falls under the first category, § 6724(d)(1)(A)(i), a catchall provision stating that an information return includes "any statement of the amount of payments to another person required by—(i) section 6041(a) or (b) (relating to certain information at source)." "Information at source" is defined in 26 U.S.C. § 6041(a) as "[p]ayments of $600 or more," which includes "rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable gains, profits, and income . . . ." Plaintiff argues that the cancellation of debt amounting to $600 or more falls under this catchall provision as a form of gross income. (Dkt. 18 at 2.)

Plaintiff's argument is not irrational, but it is not as strong as Plaintiff suggests; in any event, it is irreconcilable with *Cavoto*'s clear holding. On one hand, there is some appeal to the argument that the cancellation of debt, at least from the perspective of tax law, is a form of gross income—a designation that would place it under the § 6724(d)(1)(A)(i) catchall provision. On the other hand, that provision talks about *payments* to another person, and the cancellation of debt is not really a "payment" under the plain meaning of that term.

Plaintiff also advances an independent theory that the cause of action, § 7434, excludes returns required by § 6724(d)(1)(B). That section refers to "returns relating to the cancellation of indebtedness by certain financial entities," a category within which Defendant, a golf club, does not appear to fall. *Id.* § 6724(d)(1)(B)(x); (Dkt. 18 at 1–2.) Plaintiff's argument is that, because Defendant is *not* a financial entity under 26 U.S.C. § 6050P,[1] a claim of an allegedly fraudulent 1099-C filed by a *non*-financial entity is permitted by the cause of action. But the opposite conclusion is more reasonable. Congress appears to have considered where cancellation of indebtedness should fit into the statutory scheme, and it could have specified cancellation of indebtedness as an information return under the nine explicit categories subject to the § 7434 cause of action. It did not.

No further detour on this topic is required, however, because of the Seventh Circuit's clear holding in *Cavoto*. That per curiam decision did not wade deeply into the relevant statutory scheme, but its rule is categorical. The nine types of information returns for which an injured taxpayer may recover under § 7434 "do not

[1] The term "applicable financial entity" means: "(A) any financial institution described in section 581 or 591(a) and any credit union, (B) the Federal Deposit Insurance Corporation, the Resolution Trust Corporation, the National Credit Union Administration, and any other Federal executive agency (as defined in section 6050M), and any successor or subunit of any of the foregoing, (C) any other corporation which is a direct or indirect subsidiary of an entity referred to in subparagraph (A) but only if, by virtue of being affiliated with such entity, such other corporation is subject to supervision and examination by a Federal or State agency which regulates entities referred to in subparagraph (A), and (D) any organization a significant trade or business of which is the lending of money." 26 U.S.C. § 6050P(c)(2).

include returns relating to the cancellation of indebtedness, i.e., a Form 1099–C." *Cavoto*, 634 F.3d at 924.

Although *Angelopoulos v. Keystone Orthopedic Specialists, S.C.* found that an alleged fraudulent filing of a Form 1099-MISC was not barred by *Cavoto*'s "narrow[] . . . holding," that case concerned the false reporting of income to the IRS under a form that was titled "Miscellaneous Income." As *Angelopoulos* explained, those facts made the Form 1099-MISC, and the allegedly fraudulent scheme, fit much more comfortably under the catchall provision for "income." *See* No. 12-cv-05836, 2014 WL 292578, at *2, 5 (N.D. Ill. Jan. 23, 2014); (Dkt. 18 at 4.) In any event, *Angelopoulos* confirms that *Cavoto*'s holding, however narrow, is broad enough to prohibit Plaintiff's claim.

## IV. Conclusion

Defendant's motion to dismiss (Dkt. 8) is granted, and the case is dismissed with prejudice.[2]

SO ORDERED in No. 24-cv-02723.

Date: March 12, 2025

JOHN F. KNESS
United States District Judge

[2] Because the outcome of this case is controlled by *Cavoto*, the ordinary practice of allowing a plaintiff at least one opportunity to replead is not appropriate here. Put another way, because the deficiency in Plaintiff's case is not due to the inadequate pleading of facts but rather to a legal flaw, the case is ripe for dismissal with prejudice.